IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeff Kisseloff, | )<br>)<br>) |
| Plaintiff, | )  Civ. A. No.09-00391 (BAH)<br>) |
| v. | )<br>) |
| Federal Bureau of<br>Investigation, <u>et al</u>., | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**<u>SETTLEMENT AGREEMENT AND DISMISSAL</u>**

This Settlement Agreement ("Agreement"), dated the 20th day of January, 2012, is executed by and on behalf of the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI" or "Defendant") and Jeff Kisseloff ("Plaintiff"). Plaintiff and Defendant shall collectively be referred to herein as the "Parties." The Parties hereby agree to settle the above-captioned litigation pertaining to Plaintiff's May 6, 2004 Freedom of Information Act ("FOIA") request, as amended by this Agreement, on the following terms:

(1)   Plaintiff agrees to hereby amend his May 2004 FOIA request to seek only records dated or created before 1970 on the following individuals and subjects: Alger Hiss, Priscilla Hiss, Esther Chambers, Whittaker Chambers, William Edward Crane, Isaac Don Levine, Horace Schmahl, Michael Catlett, Harold Glasser, Joseph Tauber, Cynthia Arden Jones, Benjamin Tillman Moore, Donald Hiss, Michael Straight, the subjects "JAHAM," "Yalta," and "ALES," and index references and FOIA requests for the JAHAM file (the "Amended FOIA request").

Plaintiff agrees that the Amended FOIA request encompasses all documents contemplated and requested pursuant to his May 6, 2004 FOIA request.

(2) Defendant FBI agrees to search for, review and process all available main, cross-reference, and ELSUR records for the individuals and subjects in the Amended FOIA request. With the exception of Horace Schmahl and Michael Straight, the FBI will search for, review and process all available main, cross-reference, and ELSUR records for each individual and subject of the Amended FOIA request located at FBI Headquarters and the following field offices: Baltimore, Boston, Chicago, Los Angeles, Newark, New York, Philadelphia, and Washington D.C.  For Horace Schmahl only, the FBI will search for, review and process only those main, cross-reference, and ELSUR records located at FBI Headquarters and the Miami and New York Field Offices.  For Michael Straight only, the FBI will search for, review and process only those main, cross-reference, and ELSUR records located at FBI Headquarters and the New York and Washington Field Offices.  The records will be reviewed and processed in the following order:

1. JAHAM
2. Joseph Tauber
3. Benjamin Tillman Moore
4. Cynthia Arden Jones
5. Donald Hiss
6. ALES
7. Yalta
8. Harold Glasser
9. William Edward Crane
10. Horace Schmahl
11. Alger Hiss
12. Whittaker Chambers
13. Priscilla Hiss
14. Esther Chambers
15. Michael Straight
16. Isaac Don Levine
17. Index references and FOIA requests for the JAHAM file

18. Michael Catlett

(3) Defendant agrees to review and process all records responsive to the Amended FOIA request using "historical processing" in order to release as much information as possible to Plaintiff. For purposes of this Agreement only, "historical processing" shall mean that the FBI will process the records as follows:

   (a) information that is properly classified both substantively and procedurally under Executive Order 13526 will continue to be protected under FOIA Exemption (b)(1);
   (b) information that is exempt from disclosure by another statute will be protected under FOIA Exemption (b)(3);
   (c) Exemption (b)(5) will not be used to protect the internal deliberative process;
   (d) the FBI will not assert FOIA Exemptions (b)(6) or (b)(7)(C) to protect the identities of third-parties or law enforcement personnel even if the document indicates that the individual is less than 100 years old and Plaintiff has not provided a privacy waiver or proof of death;
   (e) the FBI will continue to assert Exemption (b)(7)(D) to protect symbol numbered informants, informant file numbers and confidential source information that reasonably can be expected to identify the confidential source; and
   (f) unless properly classified both substantively and procedurally under Exemption 13526, the FBI will not withhold information regarding investigative techniques under Exemption (b)(7)(E).

(4) The Parties agree that Defendant will review and process all records responsive to the Amended FOIA request that are subject to FOIA only to the extent such records exist and have not been lost, destroyed, or accessioned to the National Archives and Records Administration ("NARA"). To the extent a potentially responsive record has been destroyed or accessioned to NARA, where possible, the FBI will provide Plaintiff with the file classification and serial number of the record and the date the document was destroyed or accessioned to NARA. If a record that is responsive to the Amended FOIA request has been accessioned to

NARA but the FBI has retained a copy of the record, the FBI will process its copy of the record for potential release to Plaintiff.

(5) Records responsive to Plaintiff's Amended FOIA request shall begin to be released to Plaintiff on a rolling monthly basis beginning in March 2012 with approximately 2,000 pages per month being reviewed for potential release on the last business day of the month.

(6) The FBI agrees to promptly refer to other agencies or DOJ components any records responsive to Plaintiff's FOIA request which are required to be referred for review as either a consult or direct response to Plaintiff. Records found by the FBI to be appropriate for referral to other agencies or DOJ components shall be referred on a rolling basis as located during the review process. Beginning with the first rolling release in March 2012, the FBI will provide Plaintiff with an update every 90 days regarding the status of any outstanding referrals. This update will provide Plaintiff with the date of the referral; the name of the agency or component to which the referral is made, only if possible; the number of pages referred; the file or serial number referred, to the extent it is not exempt from release and is subject to FOIA; and the name of the subject or individual of the Amended FOIA request to which the referred record is responsive.

(7) The FBI agrees not to charge Plaintiff any search or processing fees. All FBI documents will be provided to Plaintiff on CD-Roms ("CDs") in searchable .pdf format. Plaintiff agrees to pay $15.00 to the FBI for each CD received in connection with this Agreement. Plaintiff currently owes Defendant $240 for CDs provided to him pertaining to the JAHAM file. Plaintiff agrees to pay this outstanding balance no more than 60 days after the date of this

Agreement and subsequently will pay all outstanding balances for documents received in connection with the Amended FOIA request no later than 60 day after the documents have been released to Plaintiff.  If Plaintiff fails to make payment within 60 days, no documents will be processed or released until payment is received.  To the extent Plaintiff believes Defendant inadvertently provided him with 46 CDs containing pre-processed records that are not responsive to his FOIA request, and for which he paid $600 in duplication fees, Defendant shall grant Plaintiff a $600 credit towards future releases if Plaintiff returns the pre-processed CDs to Defendant.

(8)     Plaintiff hereby waives his right to submit any future FOIA and/or Privacy Act requests to Defendant, either through counsel or another representative on Plaintiff's behalf, or under his own signature that seeks the same information covered by Plaintiff's May 6, 2004 FOIA request or the Amended FOIA request.  However, to the extent there is a reasonable likelihood that significantly new information would be discovered in an FBI Field Office or Headquarters file not searched as part of this Agreement, Plaintiff may seek such records, but only after Defendant has completed processing and release of all records responsive to the Amended FOIA request.  In addition, any processing of these subsequent request will not be governed by the processing guidelines articulated in paragraph 3 of this Agreement.

(9)     With execution of this Agreement, Plaintiff agrees to dismiss all claims in the pending litigation without prejudice except for any claim Plaintiff may have for attorney's fees and costs incurred through the date of this Agreement.  The Parties agree that the Court shall retain jurisdiction solely over Plaintiff's claims for attorney's fees and costs while they attempt to resolve the matter through settlement negotiations.  Should the Parties be unable to resolve the

attorney's fees dispute within 60 days from the execution date of this Agreement, the Parties will submit a proposed briefing schedule to the Court to resolve this matter.  Plaintiff shall have one year after the final release of information responsive to the Amended FOIA request to file suit for any claims related to the search for and processing of records responsive to the Amended FOIA request.  Any such claims that are not asserted in a complaint filed prior to the expiration of that one-year period shall be deemed waived.  Defendant will provide Plaintiff with notice in writing when the final release is made.

(10)     This Agreement shall not be construed as an admission or waiver by Plaintiff as to the adequacy of the FBI's search, the propriety of any FOIA Exemptions or withholdings asserted by the FBI, Plaintiff's right to a fee waiver for records sought in the Amended FOIA request, or Plaintiff's right to seek attorneys' fees and costs in connection with this litigation.  Defendant reserves all defenses with respect to those matters, except as otherwise specifically set forth herein.

(11)     Neither this Agreement nor any action taken pursuant to this Agreement shall be construed, considered, or used as an admission of liability or fault on the part of Defendant.

(12)     The terms of this Agreement constitute the entire agreement of the Parties, and no prior statement, representation, agreement or understanding, oral or written, that is not contained herein, shall have any force or effect.  The terms of this Agreement are contractual in nature and are not a mere recital.

(13)     This Agreement may not be altered, amended, modified or otherwise changed, except in writing signed by both Parties.

(14)     The terms of this Agreement do <u>not</u> establish any general policy and shall have no

precedential or binding effect beyond the scope of this Agreement.

Respectfully submitted,

RONALD C. MACHEN, D.C. BAR #447889
Acting United States Attorney

RUDOLPH CONTRERAS, D.C. BAR #434122
Chief, Civil Division

__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

Counsel for Defendants


_____/s/_____
JAMES H. LESAR, D.C. BAR #114413
1003 K Street, N.W. Suite 640
Washington, D.C. 20001
(202)393-1921

Counsel for Plaintiff

SO ORDERED on this ____ day of _____, 2012

_____
UNITED STATES DISTRICT JUDGE